UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHAD VICONOVIC<br><br>    Plaintiff,<br><br>    vs.<br><br>VALLOUREC STAR, LP<br><br>    Defendant. | Civil Action No. 4:20-cv-01591-BYP<br><br>Honorable Judge Benita Y. Pearson |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Vallourec Star, LP ("Defendant") hereby answers each of the paragraphs of the Complaint as set forth below with respect to Plaintiff, and, to the extent the Court later determines that this case may proceed as a class or collective action, against all party plaintiffs and class members as well.  Defendant denies any allegation in the Complaint that is not expressly admitted below.

### INTRODUCTION

1. Defendant admits Plaintiff Chad Viconovic ("Plaintiff") purports to bring this lawsuit as described in paragraph 1.  Defendant denies any practices or policies of not paying its hourly, non-exempt employees for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, or the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

### JURISDICTION AND VENUE

2. In response to paragraph 2, Defendant admits Plaintiff brings his FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and this Court thereby has subject matter jurisdiction.  Defendant denies Plaintiff is entitled to any relief under federal law.

3. In response to paragraph 3, Defendant admits Plaintiff brings his OMFWSA claims pursuant to 28 U.S.C. § 1367, and this Court thereby has supplemental jurisdiction over Plaintiff's OMFWSA claims.  Defendant denies Plaintiff is entitled to any relief under state law.

4. Defendant admits it maintains a business located at 2669 Martin Luther King Jr. Blvd, Youngstown, Ohio 44510 and conducts business in this District and Division.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 4 or that Plaintiff is entitled to any relief under federal or state law.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5, and therefore denies the same.

6. Paragraph 6 contains an allegation of law and no allegation of fact.  To the extent a response is required, Defendant admits Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3) from February 7, 2011 to December 1, 2019.

7. Paragraph 7 contains an allegation of law and no allegation of fact.  To the extent a response is required, Defendant admits the allegations in paragraph 7, except that it denies that it is a limited liability partnership.

8. Paragraph 8 contains an allegation of law and no allegation of fact.  To the extent a response is required, Defendant admits the allegations in paragraph 8.

9. Paragraph 9 contains an allegation of law and no allegation of fact.  To the extent a response is required, Defendant admits the allegations in paragraph 9.

10. Paragraph 10 contains an allegation of law and no allegation of fact.  To the extent a response is required, Defendant admits the allegations in paragraph 10.

11. Paragraph 11 contains an allegation of law and no allegation of fact. To the extent a response is required, Defendant admits Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 from February 7, 2011 to December 1, 2019.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12, and therefore denies the same.

## FACTUAL ALLEGATIONS

13. Defendant admits that it is a manufacturer of tubular steel products with locations in Youngstown, Ohio, Muskogee, Oklahoma, and Houston, Texas. Defendant denies the remaining allegations in paragraph 13.

14. Defendant admits it employed Plaintiff as an Electrical Maintenance employee from February 7, 2011 to December 1, 2019 in Youngstown, Ohio. Defendant denies the remaining allegations in paragraph 14.

15. Defendant admits it employed manufacturing employees, including operators and straighteners, in Youngstown, Ohio, Muskogee, Oklahoma, and Houston, Texas. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits it paid Plaintiff and other manufacturing employees an hourly wage. Defendant denies the remaining allegations in paragraph 16.

**(Failure to Pay for All Hours Worked)**

17. Defendant admits Plaintiff was not uniformly paid for the time he changed into and out of his flame-retardant clothing, hard hat, boots, and safety glasses to the extent that such activities took place before the beginning of, or after the end of, a scheduled shift. Defendant admits that Plaintiff was not uniformly paid for the time, if any, he spent walking to the time

clock prior to his scheduled start time. Defendant admits that Plaintiff was not uniformly paid for the time, if any, he spent walking from his work area at the end of his shift to the extent such walk time occurred after his scheduled stop time. Defendant denies the remaining allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

**(Failure to Pay for Donning Time)**

19. Defendant admits Plaintiff put on a hard hat, boots, safety glasses, and flame-retardant clothing before the scheduled start time of his shifts. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that Defendant requires certain personal protective equipment for certain work activities. Defendant denies the remaining allegations in paragraph 20. Defendant denies any allegations to the extent that they constitute legal conclusions.

21. Defendant admits Plaintiff was not uniformly paid for time he spent putting on his flame-retardant clothing, hard hat, boots, and safety glasses to the extent that he did so before the beginning of a scheduled shift. Defendant denies the remaining allegations in paragraph 21.

**(Failure to Pay for Postdonning Walk Time)**

22. Defendant admits that if Plaintiff donned his personal protective equipment in a company locker room, as opposed to at his home or in some other location, he would then have had to walk from the locker room to a time clock to clock in. Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits Plaintiff was not paid for time spent prior to a shift walking to a time clock. Defendant denies the remaining allegations in paragraph 23.

**(Failure to Pay for Time Spent Retrieving Tools, Equipment and Paperwork)**

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

**(Failure to Pay for Predoffing Walk Time)**

26. Defendant admits that at the end of a shift, Plaintiff would have had to leave his work area to clock out before exiting the facility. Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits Plaintiff was not uniformly paid for the time he spent walking from the time clock where he would have clocked out to the area in which he would have changed his clothes, if he changed his clothes before exiting the facility, to the extent such walk time occurred after his scheduled stop time. Defendant denies the remaining allegations in paragraph 27.

**(Failure to Pay for Doffing Time)**

28. Defendant admits that Plaintiff and other employees, at some point and in some location, would have removed their clothing and personal protective equipment upon the end of a shift. Defendant denies the remaining allegations in paragraph 28.

29. Defendant admits that Defendant requires certain personal protective equipment for certain work activities. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits that Plaintiff was not uniformly paid for the time spent taking off his flame-retardant clothing, hard hat, safety goggles, or boots to the extent that such activities took place after his scheduled stop time. Defendant denies the remaining allegations in paragraph 30.

## COLLECTIVE ACTION ALLEGATIONS

31. Defendant admits Plaintiff purports to bring this action in the manner described in paragraph 31. Defendant denies the remaining allegations in paragraph 31

32. Defendant admits that Plaintiff seeks to bring this action as a collective action under the Fair Labor Standards Act but denies that such treatment is appropriate and denies all other allegations in paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 as to what Plaintiff knows or believes, and therefore denies these and all other allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

## CLASS ACTION ALLEGATIONS

36. Defendant admits Plaintiff purports to bring this action in the manner described in paragraph 36 but denies all allegations contained therein.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

## COUNT ONE
### (Fair Labor Standards Act Violations)

43. Defendant incorporates by reference the foregoing responses as if fully rewritten here.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

**COUNT TWO**
**(Violations of Ohio Revised Code 4111.03)**

48. In response to paragraph 48, Defendant incorporates by reference the foregoing responses as if fully rewritten here.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

**PRAYER FOR RELIEF**

Defendant admits Plaintiff seeks the relief set forth in the paragraph immediately following the heading "Prayer for Relief," but denies Plaintiff is entitled to any such relief.

**AFFIRMATIVE AND OTHER DEFENSES**

As for separate defenses to the Complaint, and without conceding that Defendant has the burden of proof or persuasion as to any of them except as required by applicable law, Defendant states as follows, which defenses are pled as to Plaintiff and shall apply to any opt-in plaintiffs or class members to the extent the Court were to order this case to proceed as a collective or class action:

**FIRST DEFENSE**

The Complaint or portions thereof fail to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff and any individuals he purports to represent are not entitled to any recovery because any alleged acts or omissions by Defendant were made in good faith and in conformity with and reliance on applicable administrative regulations, orders, rules, approval or interpretations, or administrative practice or enforcement policies regarding payment of overtime and the minimum wage under the FLSA and state law.

THIRD DEFENSE

Defendant acted in good faith and with reasonable grounds to believe it had not violated the FLSA or state law, and Plaintiff and any individuals he purports to represent are not entitled to recover liquidated damages or other penalties.  Defendant neither knew of, nor intended, any alleged act that is prohibited by the FLSA or state law, nor did Defendant show reckless indifference to or disregard for the requirements of the FLSA or state law, or ratify any such acts or omissions.  In particular, Defendant acted in good faith and with reasonable grounds to believe that some or all of the time for which Plaintiff and/or any individuals he purports to represent seek damages does not constitute compensable work time pursuant to the Portal-to-Portal Act or other applicable law.

FOURTH DEFENSE

Defendant did not willfully deprive any persons of any wages to which they may have been entitled.

FIFTH DEFENSE

Plaintiff's claims, including claims brought on behalf of any individuals he purports to represent, are barred to the extent that some or all of the time for which Plaintiff seeks damages does not constitute compensable work time, including because it was time spent on non-

compensable preliminary or postliminary activities pursuant to the Portal-to-Portal Act or other applicable law.

## SIXTH DEFENSE

Plaintiff's claims, including claims brought on behalf of any individuals he purports to represent, are barred because any time for which Plaintiff seeks recovery in this case was *de minimis* in nature.

## SEVENTH DEFENSE

Collective or class action treatment or relief is not appropriate because Plaintiff cannot satisfy the elements under either 29 U.S.C. § 216(b) or Fed. R. Civ. P. 23 for proceeding as a collective action or class action.  Among other reasons, individual questions and issues predominate over common ones, Plaintiff is not similarly-situated with respect to any other current or former employee of Defendant, the alleged similarly-situated individuals Plaintiff seeks to represent are not similarly situated to each other, Plaintiff cannot adequately represent the interests of putative collective or class members, and/or Plaintiff cannot establish a claim on his own behalf.

## EIGHTH DEFENSE

The Complaint fails because it does not adequately define the allegedly similarly-situated individuals Plaintiff seeks to represent.

## NINTH DEFENSE

Defendant is entitled to a credit or offset for monies or amounts paid or provided to Plaintiff and/or any individuals he purports to represent for periods in which they received compensation but were not engaged in work or otherwise.

TENTH DEFENSE

Defendant is entitled to statutory credit toward any overtime sought by Plaintiff and/or any individuals he purports to represent for any straight time or overtime payments that Defendant has already made during the relevant time period.

ELEVENTH DEFENSE

Any amounts paid to Plaintiff and/or any other individual he purports to represent that were properly excluded from the regular rate of pay must be excluded from the calculation of any overtime rate of pay that may be found to be owed to such individual.

TWELFTH DEFENSE

Plaintiff's claims, including claims brought on behalf of any individuals he purports to represent, are barred, in whole or in part, by the applicable statute of limitations.

THIRTEENTH DEFENSE

The Complaint is barred to the extent Plaintiff and/or any individuals he purports to represent have waived their right to recovery and/or executed a release of any claims asserted in this lawsuit, in whole or in part, including, but not limited to, in connection with *Dobozy v. Vallourec Star, LP*, Case No. 4:18-cv-1539-SL, in the United States District Court for the Northern District of Ohio.

FOURTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff and/or any individuals he purports to represent agreed to submit their claims against Defendant to binding arbitration.

FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff and/or any individuals he purports to represent agreed to waive any right to any claim or dispute to be brought, heard, or arbitrated as a class and/or collective action.

## SIXTEENTH DEFENSE

If Plaintiff or any individuals he purports to represent file or have filed claims for bankruptcy and fail or have failed to disclose the claims asserted herein as an asset of the bankruptcy estate or in the bankruptcy petition or attached schedule, they are barred from pursuing their claims under the doctrine of judicial estoppel, for lack of standing, and/or for unclean hands.

## SEVENTEENTH DEFENSE

Plaintiff has failed to state a claim for relief against Defendant, which is a necessary prerequisite to an award of attorneys' fees from Defendant.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint and that the same be dismissed with prejudice on the merits;

2. That judgment be entered for Defendant;

3. That Defendant recovers its costs of suit herein; and

4. That Defendant be granted such further relief as the Court deems just and proper.

Dated: September 14, 2020

Respectfully submitted,

**MCDONALD HOPKINS LLC**

/s/ *Dan L. Makee*
Dan L. Makee
Ohio Bar No. 0029602
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
dmakee@mcdonaldhopkins.com

David W. Schelberg
Ohio State Bar No. 0098249
39533 Woodward Avenue
Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 593-2947
Facsimile: (248) 646-5075
dschelberg@mcdonaldhopkins.com


**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert G. Lian, Jr. (To be seeking admission *pro hac vice*)
D.C. Bar No. 446313
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4358
Facsimile: (202) 887-4288
blian@akingump.com

Courtney L. Stahl
Texas Bar No. 24088463
1111 Louisiana St., Fl. 44
Houston, TX 77002
Telephone: (713) 250-2140
Facsimile: (713) 236-0822
cstahl@akingump.com

*Counsel for Defendant Vallourec Star, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2020, I have electronically filed Defendant's Answer to Plaintiff's Complaint via the Court's ECF System, which will transmit notification of such filing to the following:

Anthony J. Lazzaro
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone: (216) 696-5000
anthony@lazzarolawfirm.com

*Counsel for Plaintiff*

/s/ *Dan L. Makee*
Dan L. Makee

*Counsel for Defendant*