UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHAD VICONOVIC, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 4:20-CV-1591 |
| v. ) | |
| ) | Honorable Judge Benita Y. Pearson |
| VALLOUREC STAR, LP, ) | |
| ) | **JOINT MOTION FOR FINAL** |
| Defendant. ) | **APPROVAL OF CLASS AND** |
| ) | **COLLECTIVE ACTION SETTLEMENT** |
| ) | |

## I. INTRODUCTION

Plaintiff Chad Viconovic ("Representative Plaintiff," "Class Representative," or "Plaintiff"), on behalf of himself and the members of the proposed Settlement Class ("Settlement Class Members"), and Defendant Vallourec Star, LP ("Defendant"), respectfully move this Court for an order finally approving the class and collective action settlement between the Parties under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and the Fair Labor Standards Act ("FLSA").

On June 1, 2021, the Parties filed their Joint Motion for Preliminary Approval of Class and Collective Action Settlement ("Joint Motion for Preliminary Approval"), which attached the Parties' Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") as Exhibit 1 thereto. (*See* ECF No. 44; ECF No. 44-1.)[1]

On August 6, 2021, this Court entered an Order provisionally certifying the Settlement Class for purposes of settlement only under Rule 23(a) and (b)(3) and Section 216(b) of the FLSA, and preliminarily approving the Settlement in this Lawsuit under Rule 23(e) and the

---

[1] Unless otherwise defined, all terms used herein have the same meanings as defined in the Settlement Agreement.

1

FLSA. (ECF No. 46.) Among other things, the Order also approved the content of the Class Notice for the Eligible Class Members (ECF No. 44-1, at 24-32) and the Class Notice for the Original Opt-Ins (ECF No. 44-1, at 34-42), approved the procedure for distributing the Class Notices, and scheduled the Fairness Hearing for November 17, 2021, at 1:30 p.m. (ECF No. 46.)

The settlement administration procedures ordered by the Court have now been completed, as summarized in the Declaration of David J. Steiner, attached hereto as **Exhibit A**. The Class Notices have been distributed and all deadlines for Settlement Class Members to submit requests for exclusion and/or objections to the Settlement have passed. (Exhibit A, Steiner Decl., ¶ 6.) No objections were received, and only seven Settlement Class Members (out of 726) opted out of the Settlement. (*Id.* ¶ 8.)

## II. SUMMARY OF NOTICE PROCESS

A summary of the litigation, the terms of the Settlement Agreement, and fairness and adequacy of the Settlement are set forth in the Parties' Joint Motion for Preliminary Approval and related exhibits, which the Parties incorporate by reference. (*See* ECF No. 44.)

On August 10, 2021, in accord with the Preliminary Approval Order (ECF No. 46), Defense Counsel provided Class Counsel with the last known addresses of the Settlement Class Members. (Steiner Decl., ¶ 4.) Class Counsel updated the addresses using the National Change of Address Database prior to mailing the notice. (*Id.* ¶ 5.) On August 20, 2021, Class Counsel mailed the Class Notices to the 726 Settlement Class Members, in the form approved by the Court. (*Id.* ¶ 6.) Seven notices out of 726 had bad addresses and were undeliverable with no forwarding information. Class Counsel also ran these addresses through the National Change of Address Database and a separate online database. (*Id.* ¶ 7.)

The Class Notices explained that Settlement Class Members had until October 4, 2021 to request exclusion from or object to the Settlement. Class Counsel received no objections and only seven requests to be excluded from the Settlement. (*Id.* ¶ 8.)

## III. CALCULATION OF INDIVIDUAL PAYMENTS

After deductions for the proposed Class Representative Payment and proposed payments for attorneys' fees and expenses to Class Counsel, the Participating Settlement Class Members are eligible to receive $550,666.65. The Parties previously submitted a Schedule of Estimated Individual Payments to Settlement Class Members as Exhibit 3 to the Parties' Joint Motion for Preliminary Approval. (*See* ECF No. 44-3.) These Estimated Individual Payments were calculated proportionally by Class Counsel based on each Settlement Class Member's alleged overtime damages based on employment records provided by Defendant. The overtime damages were primarily calculated based on the amount of time each Settlement Class Member was clocked in prior to the start of each shift and after the end of each shift, in weeks in which Settlement Class Members worked over 40 hours. Now, to account for the seven opt-outs, Class Counsel has recalculated the Individual Payments to reallocate the amounts previously assigned to the seven opt-outs to the 719 Participating Settlement Class Members instead, as reflected in the proposed Final Schedule of Individual Payments attached hereto as **Exhibit B**. The Individual Payments reflected in Exhibit B were calculated proportionally in the same manner as the prior Estimated Individual Payments. Subject to the Court's final approval of the Settlement, all Participating Settlement Class Members will be sent an Individual Payment in an amount equal to or greater than the amount identified in their personalized Class Notices, which will be at least Fifty Dollars ($50.00), before applicable withholdings. (*Id.* ¶ 9.)

## IV. ARGUMENT

**A.     The Court Should Grant The Parties' Request For Final Approval Of The Settlement, Including The Class Representative Payment, Attorneys' Fees, And Litigation Expenses**

**1.     Final Certification of the Settlement Class is Appropriate.**

For purposes of settlement only, the Parties have agreed that a Settlement Class should be certified under Rule 23(a) and (b)(3) and Section 216(b) of the FLSA as follows:

a.   All current and former hourly and salaried nonexempt employees who performed work for Defendant in Ohio at any time between July 20, 2017 and May 2, 2021 who did not join the *Dobozy v. Vallourec Star* case; and

b.   All former and current hourly and salaried nonexempt employees who performed work for Defendant in Ohio at any time between August 28, 2019 and May 2, 2021 who did join the *Dobozy v. Vallourec Star* case.

As preliminarily found by the Court, for purposes of Settlement, the Settlement Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority, and the Settlement Class Members are "similarly situated" for purposes of certification under 29 U.S.C. § 216. Accordingly, for the reasons set forth in the Parties' Joint Motion for Preliminary Approval, which the Parties incorporate herein, final certification of the Settlement Class for settlement purposes is appropriate under Rule 23 and the FLSA.

**2.     Final Approval of the Settlement Under Rule 23(e) is Appropriate.**

Federal Rule of Civil Procedure 23 provides that the claims of a certified class "may be settled" "only with the court's approval." Fed. R. Civ. P. 23(e). Three steps must be taken by the court in order to approve a class action settlement under Rule 23: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must" determine whether the settlement is fair, reasonable, and adequate. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).

Courts in the Sixth Circuit consider the following seven factors in assessing whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the [action]; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and [the] class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Vukovich*, 720 F.2d at 922-23). "The law generally favors and encourages the settlement of class actions" and after the court preliminarily approves such a settlement, it is considered to be presumptively reasonable. *See Reed v. Rhodes*, 869 F. Supp. 1274, 1279 (N.D. Ohio 1994) (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981)); *Vukovich*, 720 F.2d at 921 (citations omitted). Here, the Settlement is fair, reasonable, and adequate, and should be granted final approval under Rule 23.

### (i) *The Seven-Factor Standard is Satisfied*

#### a) **Risk of fraud or collusion**

The courts "presume the absence of fraud or collusion" in class settlements unless there is evidence to the contrary. *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 371 (N.D. Ohio 1983). Here, settlement negotiations were initiated only after the Parties investigated their claims and defenses, researched the legal issues, engaged in informal yet comprehensive document discovery, and analyzed timekeeping and payroll data. (*See* ECF No. 44.) The Parties ultimately reached agreement after arm's-length and good faith negotiations between the Parties, including formal mediation with a neutral mediator, assisted by attorneys with extensive experience litigating wage and hour class claims. (*See id.*)

Both sides acknowledged the risks each faced on the merits and class issues, and decided that settlement eliminated these risks, benefited the Settlement Class, and avoided further time and expense. Because the Parties were fully informed, engaged in arm's-length negotiations, and were aided by experienced counsel, their agreement is free from fraud and collusion. (*See* ECF No. 44); *Leonhardt*, 581 F. Supp. 2d at 838.

### b) The complexity, expense, and likely duration of the Lawsuit favor settlement

The policy favoring the settlement of class actions and other complex cases applies with particular force here. Employment cases in general, and wage and hour cases in particular, are expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of the Settlement Class Members' claims in many different respects. For example, at the outset, the Parties disagree as to whether Defendant's alleged conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, or the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03. The Parties further disagree as to whether the Lawsuit is appropriate for class or collective treatment but for this settlement and whether the two-year limitations period for non-willful violations or the three-year limitations period for willful violations applies. Defendant further asserts that, even if Representative Plaintiff and the Settlement Class Members succeed on the merits, they cannot prove a willful violation of the law, and thus, no wages would be owed for the third year of the three-year limitations period. These examples are in addition to many other issues disputed between the Parties relating to the Settlement Class Members' claims.

The expense and delay plaintiffs would incur if they pursued their claims through trial and appeal must be balanced against the recovery provided by the settlement. *See Dick v. Sprint Commc'ns Co.*, 297 F.R.D. 283, 295 (W.D. Ky. 2014). Without settlement, the Parties would

likely engage in further discovery and briefing on class certification and summary judgment. Trial would involve extensive testimony from numerous witnesses. And any final judgment would likely be appealed, thereby extending the duration of the litigation.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Representative Plaintiff and the Participating Settlement Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. Settlement now avoids further expense and delay and guarantees a recovery of a substantial amount of potential unpaid overtime compensation allegedly owed under the three-year limitations period. (*See* ECF No. 44.) Therefore, the risks and potential expense of further litigation weigh in favor of final approval, consistent with the established policy preferring settlement over further time-consuming litigation.

### c) The amount of discovery engaged in by the Parties

The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. (*See* ECF No. 44; ECF No. 44-2.) Relevant information was exchanged, including timekeeping and payroll data, and the Parties independently conducted a complete analysis of each Settlement Class Member's alleged overtime damages resulting from Plaintiff's allegations that Defendant failed to pay overtime compensation to Representative Plaintiff and Defendant's nonexempt employees. Therefore, the issues in this Lawsuit were thoroughly researched by both sides and all aspects of the dispute are well-understood by the Parties. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556-57 (S.D. Ohio 2000).

### d) The likelihood of success on the merits

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir.

1984).  Given the factual and legal complexity of this matter, it is difficult to assess Plaintiff's likelihood of success at trial.  Plaintiff's claims are based on disputed issues of fact and law, and Plaintiff's success at trial is far from guaranteed.  In sum, although Plaintiff asserts that the Settlement Class Members' claims are meritorious, the Lawsuit certainly is not without risk.  This factor thus weighs in favor of final approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result.  Moreover, in the present case, Defendant raises affirmative defenses to Plaintiff's claims, and the outcome of those defenses is uncertain as well.  Continued litigation would be risky for all.

Plaintiff's range of possible recovery is also open to dispute.  If this case is not settled, it is possible that the Settlement Class Members would receive no compensation.  Even if Plaintiff succeeds on the merits of his claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree.

### e) Class Counsel and Representative Plaintiff favor settlement

The endorsement of experienced class counsel "is entitled to significant weight, and supports the fairness of the class settlement."  *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008).  Here, Class Counsel believes the Settlement is fair, reasonable, and adequate.  (*See* ECF No. 44-2.)  Class Counsel's firm has experience in wage and hour class actions, has acted in good faith, and has vigorously represented their clients in negotiating the Settlement.  Representative Plaintiff has been fully informed and involved in the settlement process and has reviewed and signed the Settlement Agreement.  (*See* ECF No. 44-2.)  *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir.

2011).

#### f) The reaction of absent class members

The absence of objections by class members indicates that the class supports the settlement. *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL 292008, at *6 (S.D. Ohio Jan. 26, 2011); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498-99 (E.D. Mich. 2008) (small number of opt-out requests indicative of the adequacy of the settlement).

Here, notice of the proposed Settlement was sent to the Settlement Class Members in accord with the Court's Preliminary Approval Order. (Steiner Decl. ¶ 6.) The Settlement Class Members were informed of their right to object to or opt out of the Settlement, and they were provided 45 days to do so. No objections were received, and only seven class members requested to be excluded. (*Id.* ¶ 8.) These facts all indicate approval of the Settlement by the entire class. Accordingly, this factor favors final approval of the Settlement.

#### g) Settlement is in the public interest

"[T]he law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). The settlement ends complex litigation that has been pending for over a year and provides substantial relief to the Settlement Class and avoids protracted, costly litigation. *See Brotherton*, 141 F. Supp. 2d at 905-06. The terms of the Settlement are equitable and provide a reasonable resolution of the Lawsuit. The Participating Settlement Class Members will receive a significant portion of the overtime compensation they were allegedly denied over the three-year limitations period. (*See* ECF No. 44-2, ¶¶ 30-37.)

### (ii) *The Settlement Distributions are Fair, Reasonable, and Adequate*

As discussed above, Class Counsel has recalculated the Individual Payments to reallocate the Settlement proceeds previously intended for the seven opt-outs to the 719 Participating

Settlement Class Members instead. *See* Exhibit B. The Individual Payments reflected in Exhibit B were calculated proportionally in the same manner as the prior Estimated Individual Payments, and are fair, reasonable, and adequate for the reasons outlined in the Parties' Joint Motion for Preliminary Approval.

### (iii) Defendant Complied with CAFA

The Class Action Fairness Act requires that "appropriate federal and state officials" be notified of a pending class action settlement in federal court. *See* 28 U.S.C. § 1715. In compliance with the statute, on June 10, 2021, Defense Counsel sent notice of the Parties' proposed settlement via UPS Next Day Air to U.S. Attorney General Merrick B. Garland and the state attorneys general in the three states in which Settlement Class Members reside: Ohio Attorney General David A. Yost, Pennsylvania Attorney General Josh D. Shapiro, and West Virginia Attorney General Patrick J. Morrisey. (*See* ECF No. 45.) There have been no objections from any state or federal officials regarding the Settlement Agreement.

### 3. *The Settlement Meets the Requirements for the Settlement of FLSA Claims*

A district court evaluating a proposed FLSA settlement "must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Batista v. Tremont Enters.*, No. 1:19-CV-361, 2019 WL 3306315, *1 (N.D. Ohio July 22, 2019) (Pearson, J.) (citations omitted). Additionally, similar to class action settlements under Rule 23, in determining whether a proposed FLSA settlement is fair and reasonable, courts should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citations omitted).

As set forth in detail in the Parties' Joint Motion for Preliminary Approval, the Settlement is the product of several *bona fide* disputes with respect to the validity and strength of the Settlement Class Members' FLSA claims. The Settlement was the result of arm's-length negotiations and is fair and reasonable. Accordingly, final approval of the Settlement is appropriate under the FLSA.

### V. CONCLUSION

For the above reasons, and for the reasons stated in the Parties' Joint Motion for Preliminary Approval (ECF No. 44), the proposed Settlement should be finally approved by the Court, including Representative Plaintiff's Class Representative Payment in the amount of $10,000, Class Counsel's attorneys' fees in the amount of $283,000, and Class Counsel's litigation expenses in the amount of $5,333.35. The Parties submit an updated version of the agreed Final Order and Judgment Entry, incorporating the above events. (*See* **Exhibit C**.) The Settlement is fair, reasonable, and adequate and provides the Participating Settlement Class Members a substantial benefit, given the meaningful risks and substantial expense associated with continued litigation.

Respectfully submitted,

| | |
|---|---|
| s/ David J. Steiner | s/ Robert G. Lian, Jr. |
| Attorneys for Plaintiff Chad Viconovic | Attorneys for Defendant Vallourec Star, LP |

Anthony J. Lazzaro
Ohio State Bar No. 0077962
David J. Steiner
Ohio State Bar No. 0075217
THE LAZZARO LAW FIRM, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
anthony@lazzarolawfirm.com
david@lazzarolawfirm.com

Robert G. Lian, Jr. (Admitted *pro hac vice*)
D.C. Bar No. 446313
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4358
Facsimile: (202) 887-4288
blian@akingump.com

David W. Schelberg
Ohio State Bar No. 0098249
MCDONALD HOPKINS LLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 593-2947
Facsimile: (248) 646-5075
dschelberg@mcdonaldhopkins.com

Courtney L. Stahl
Texas Bar No. 24088463
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Telephone: (713) 250-2140
Facsimile: (713) 236-0822
cstahl@akingump.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2021, a copy of the foregoing *Joint Motion for Final Approval of Class and Collective Action Settlement* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Robert G. Lian, Jr.
Attorney for Defendant