PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD VICONOVIC, | ) | |
| | ) | CASE NO.  4:20CV1591 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| VALLOURCE STAR, LP, | ) | |
| | ) | **FINAL ORDER APPROVING CLASS** |
| Defendant. | ) | **AND COLLECTIVE ACTION** |
| | ) | **SETTLEMENT** |

Pending is the Parties' Joint Motion for Final Approval of Class and Collective Action Settlement ("Motion for Final Approval") under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and Section 216(b) of the Fair Labor Standards Act ("FLSA").  ECF No. 48. Having reviewed the Motion for Final Approval and exhibits attached thereto, as well as the pleadings and papers on file in this Lawsuit, and for good cause shown therein, the Court GRANTS the Motion for Final Approval and enters this Final Order and Judgment Entry granting final approval of the Rule 23 class action and FLSA collective action settlement as follows:

1.   Unless otherwise defined, all terms used in this Final Order and Judgment Entry have the same meanings as defined in the Settlement Agreement (ECF No. 44-1).

2.   Representative Plaintiff's Complaint (ECF No. 1) asserts wage-and-hour claims for overtime compensation under the FLSA, 29 U.S.C. § 201 et seq., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.01 et seq., on behalf of himself and

(4:20CV1591)

other similarly-situated employees. Defendant Vallourec Star, LP has denied any such violations and raised defenses to the merits of Representative Plaintiff's claims.

3.  Between October 2020 and January 2021, the Parties engaged in informal yet comprehensive discovery regarding Representative Plaintiff's claims and Defendant's defenses to such claims. This included the exchange of timekeeping and payroll records and a complete analysis of the Settlement Class Members' alleged overtime damages.

4.  The Parties reached an agreement to settle the Lawsuit following a full-day mediation with a neutral, private mediator.

5.  The Parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 44) was filed on June 1, 2021.

6.  The Settlement Agreement resolves the individual and class/collective claims of Representative Plaintiff and the Settlement Class Members made pursuant to the FLSA and OMFWSA, and is subject to approval by the Court pursuant to the FLSA, 29 U.S.C. § 216(b), and Rule 23(e).

7.  The issues in this case were contested. The Settlement Agreement was achieved following mediation after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

8.  On August 6, 2021, the Court entered a Preliminary Order (ECF No. 46) provisionally certifying the Settlement Class pursuant to Rule 23(a) and (b)(3) and Section 216(b) of the FLSA, granting preliminary approval of the Settlement Agreement pursuant to Rule 23(e) and the FLSA, and approving the form, content, and manner of distribution of the notices to the Settlement Class Members of the pendency of this Lawsuit, the proposed settlement, and the date of the Fairness Hearing ("Class Notices"). The Preliminary Order also

2

(4:20CV1591)

approved Representative Plaintiff Chad Viconovic as Class Representative of the Settlement

Class, provisionally approved his Class Representative Payment, designated Anthony J. Lazzaro

and David J. Steiner of The Lazzaro Law Firm, LLC as Class Counsel, and provisionally

approved the payment of attorneys' fees and expenses to Class Counsel.

     9.   Class Counsel has filed with the Court a Declaration verifying that the Class Notices

were distributed to the Settlement Class Members in the form and manner approved by the

Court.

     10.  The Court finds that the Settlement Class Members were given notice of: (a) the

pendency of this Lawsuit; (b) the terms and conditions of the settlement and their rights under

the settlement; (c) their right to exclude themselves from the Settlement Class and the proposed

settlement; (d) their right to object to any aspect of the proposed settlement; (e) the date of the

Fairness Hearing and their right to appear at the Fairness Hearing, either on their own behalf or

through counsel hired at their own expense, if they did not exclude themselves from the

Settlement Class; and (f) the binding effect of any orders and judgments in the Lawsuit on all

persons who do not request exclusion from the Settlement Class. The Court further finds that the

notice was reasonable and the best notice practicable, and satisfied all of the requirements of

Rule 23, Section 216(b) of the FLSA, and due process.

     11. The Court finds that there were zero written objections to the settlement.

     12. All notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 et seq.,

have been complied with and there have been no objections from any state or federal officials

regarding the Settlement Agreement.

     13. The Fairness Hearing was convened as noticed on November 17, 2021, at 1:30 p.m.

     14. For settlement purposes only, the Settlement Class is certified as a Rule 23 class

(4:20CV1591)

action and FLSA collective action, the Court finding that the Settlement Class satisfies all

applicable requirements of Rule 23, Section 216(b) of the FLSA, and due process. The

Settlement Class consists of the following:

> a) All current and former hourly and salaried nonexempt employees who performed work for Defendant in Ohio at any time between July 20, 2017 and May 2, 2021 who did not join the *Dobozy v. Vallourec Star* case; and
>
> b) All former and current hourly and salaried nonexempt employees who performed work for Defendant in Ohio at any time between August 28, 2019 and May 2, 2021 who did join the *Dobozy v. Vallourec* Star case.

15. The proposed settlement set forth in the Settlement Agreement is fair, reasonable, and

adequate; negotiated and entered into at arm's-length and in good faith; within the range of

possible judicial approval; and the product of bona fide disputes.

16. For purposes of approving the proposed settlement, the Court finds that the

Settlement Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and

adequacy of representation, as well as Rule 23(b)'s requirements of predominance and

superiority. Representative Plaintiff Chad Viconovic is an adequate representative of the

Settlement Class in that he is a member of the class and possesses the same interests and suffered

the same alleged injuries as the class's other members. The settlement payments made available

to the members of the Settlement Class are commensurate with their alleged claims. The Court

finds that the proposed settlement is fair, reasonable, and adequate as to the Settlement Class,

and qualifies for final approval under Rule 23(e).

17. The Court approves the Settlement Agreement under Rule 23 and the FLSA and

orders that it be implemented according to its terms and conditions and as directed herein.

18. The Court approves the method of calculation and proposed distribution of settlement

4

(4:20CV1591)

payments. The Total Settlement Amount of $849,000, after deduction of the Class Representative Payment to Representative Plaintiff and attorneys' fees and expenses to Class Counsel, is to be distributed to the Representative Plaintiff and the Participating Settlement Class Members, in Individual Payments, which are calculated proportionally by Class Counsel based on each Participating Settlement Class Member's alleged overtime damages based on employment records provided by Defendant. The Parties have submitted the proposed Final Schedule of Individual Payments to the Court for approval. The Court approves the Final Schedule of Individual Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

19. The Court approves the Class Representative Payment of $10,000 to Representative Plaintiff in recognition of his service in this Lawsuit, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

20. The Court approves the payment of attorneys' fees of $283,000 (one-third of the Total Settlement Amount) and the reimbursement of expenses to Class Counsel in the amount of $5,333.35, as set forth in Class Counsel's supplemental submission of litigation expenses, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

21. Upon the Effective Date of the Settlement Agreement, Representative Plaintiff and the Participating Settlement Class Members shall be bound by the Release and Waiver of Claims as provided in Section 33 of the Settlement Agreement, and Representative Plaintiff shall also be bound by the General Release as provided in Section 34 of the Settlement Agreement, which are incorporated herein in all respects.

22. The terms of the Settlement Agreement and this Final Order and Judgment Entry are

5

(4:20CV1591)

binding on Representative Plaintiff and the Participating Settlement Class Members, as well as their agents, heirs, executors, administrators, successors, and assigns, and those terms shall have res judicata and other preclusive effects in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Lawsuit or are encompassed by the Release and Waiver of Claims set forth in the Settlement Agreement.

23. Nothing in the Settlement Agreement, the Motion for Final Approval, this Final Order and Judgment Entry, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties as to the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to Defendant's denials or defenses or an admission or concession as to the merits of Representative Plaintiff's or the Settlement Class Members' claims, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment Entry and the Settlement Agreement; provided, however, that this Final Order and Judgment Entry and the Settlement Agreement may be filed in any action against or by Defendant to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

24. The Court DISMISSES THIS LAWSUIT WITH PREJUDICE.

25. The Parties are to bear their respective attorneys' fees and costs except as provided in

6

(4:20CV1591)

the Settlement Agreement and this Final Order and Judgment Entry.

26. The Court has jurisdiction to enter this Final Order and Judgment Entry. Without affecting the finality of this Final Order and Judgment Entry, the Court retains jurisdiction over the implementation, administration, and enforcement of this Final Order and Judgment Entry, the Settlement Agreement, and all matters ancillary thereto.

27. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED.

November 30, 2021
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge